IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVERSON BALLESTEROS, #A6092723,<br><br>        Plaintiff,<br><br>    v.<br><br>RUSSEL BOTHELO,<br><br>        Defendant. | CIVIL NO. 23-00282 DKW-KJM<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER, ECF NO. 2 |

    Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Plaintiff Daverson Ballesteros.[1] ECF No. 2. Ballesteros' IFP Application is DENIED as incomplete.

    When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed *in forma pauperis* requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account

---

[1] Ballesteros is currently incarcerated at the Oahu Community Correctional Center. *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6092723"; and select "Search") (last visited July 11, 2023).

statement for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). A prisoner must submit trust account statements from each institution where he was confined during the relevant six-month period. *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner." *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/files/prose/Application%20To%20Proceed%20In%20Forma%20Pauperis%20By%20a%20Prisoner%20(IFP)%20and%20Instructions.pdf (last visited July 11, 2023). This form includes: (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined). *See id.* The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months. *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater. 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). An

initial partial filing fee will only be collected when funds exist. *See* 28 U.S.C. § 1915(b)(1). The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.*

      Ballesteros' IFP Application is incomplete. Specifically, the IFP Application does not include: (1) a financial certificate and consent to collection of fees (for completion by Plaintiff); (2) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined); and (3) account statements for the preceding six months showing all deposits and withdrawals to Ballesteros' account during that period. *See* ECF No. 2.

      Ballesteros is DIRECTED to promptly submit a complete IFP Application. Failure to do so, or to pay the filing fee in full, by August 8, 2023 will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir.

1995).  The Court will take no action on any pending or future filings in this action until Ballesteros addresses the deficiencies set forth in this Order.

## CONCLUSION

(1) Ballesteros' Application to Proceed In Forma Pauperis by a Prisoner is DENIED without prejudice as incomplete.

(2) Ballesteros is DIRECTED to pay the filing fee in full, or to submit a complete IFP Application by August 8, 2023.

(3) The Clerk is DIRECTED to send Ballesteros an Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: July 11, 2023 at Honolulu, Hawaii.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Daverson Ballesteros v. Russel Bothelo*; Civil No. 23-00282 DKW-KJM; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER**